UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGEL MAYORA MEDRANO, | No. 13-15004 |
| Petitioner - Appellant, | D.C. No. 4:99-cv-00603-CKJ |
| v. | District of Arizona, |
| | Tucson |
| CHARLES L. RYAN; et al., | |
| | ORDER |
| Respondents - Appellees. | |

Before: W. FLETCHER, DAVIS[*], and CHRISTEN, Circuit Judges.

The memorandum disposition filed April 9, 2015 is withdrawn, and a new disposition is filed concurrently with this Order.

The panel has unanimously voted to deny the petition for panel rehearing. Judges Fletcher and Christen have also voted to deny the petition for rehearing en banc and Judge Davis so recommends. The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

Appellant's petition for rehearing and rehearing en banc is DENIED.

---

[*]    The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.



**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ANGEL MAYORA MEDRANO, <br><br> Petitioner - Appellant, <br><br> v. <br><br> CHARLES L. RYAN; et al., <br><br> Respondents - Appellees. | No. 13-15004 <br><br> D.C. No. 4:99-cv-00603-CKJ <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted March 10, 2015
San Francisco, California

Before: W. FLETCHER, DAVIS[**], and CHRISTEN, Circuit Judges.

Angel Medrano appeals the district court's denial of his 28 U.S.C. § 2254

habeas petition challenging his convictions for murder, kidnapping, sexual assault,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

and burglary.  We have jurisdiction under 28 U.S.C. § 1291 and affirm the district court's order.[1]

**1.**     The clearly established federal law regarding the government's obligation to disclose information favorable to the defense is found in *Brady v. Maryland*, 373 U.S. 83 (1963).  In examining the reasonableness of a state court's decision under 28 U.S.C. § 2254(d), we look to "the last *explained* state-court judgment" on the claim.  *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991).  Here, that is the Arizona Supreme Court's decision in *State v. Medrano*, 844 P.2d 560 (Ariz. 1992) ("*Medrano I*").

We conclude it was not unreasonable for the Arizona Supreme Court to determine, in light of the inculpatory evidence admitted at trial, that the undisclosed pretrial interview notes were not material.[2]  Medrano confessed to the murder multiple times.  Though he challenges the admissibility of some of the confessions, at one point he spontaneously stated: "I did it, I done it; not a day goes by that I don't think about it."  He later admitted, "I had sex with [the victim] . . .

---

[1]     The parties are familiar with the facts, so we do not recount them here.

[2]     Though the Arizona Supreme Court misstated the materiality standard, its analysis and determination that the evidence "overwhelmingly pointed" to Medrano's guilt, *Medrano I*, 844 P.2d at 566, satisfies the correct standard—whether there was a "reasonable probability" of a different result, *Kyles v. Whitley*, 514 U.S. 419, 433 (1995).

2

before I killed her." Moreover, Medrano does not contest that he was at the victim's home the night of the murder, and physical evidence suggests his guilt. A shirt Medrano was wearing that night was missing a button similar to one discovered in the victim's home, and Medrano could not be excluded as the source of semen found on the victim's underwear. Finally, Medrano's wife testified that soon after the murder Medrano told her that "he had blood on his hands."[3]

**2.**     We agree with the district court that the state court's decision regarding Medrano's ineffective assistance of counsel claim is ambiguous and does not clearly and expressly rest on an independent and adequate state ground. We therefore agree with the district court that this claim is subject to de novo review. *See Stanley v. Cullen*, 633 F.3d 852, 860 (9th Cir. 2011).

Medrano's appellate counsel strenuously argues that his trial counsel's failure to interview the child witness fell below an objectively reasonable standard of competence. However, even if that could be established, Medrano was not prejudiced by counsel's performance. *See Strickland v. Washington*, 466 U.S. 668,

---

[3]     Because we affirm on materiality grounds, we need not determine whether the undisclosed notes were exculpatory. We do observe that although the government does not contest that it was required to produce the interview notes, its explanation for failing to do so is inadequate. The failure cannot be attributed to an intern misplacing them, as the government suggests, because a prosecutor was present during the interview.

691–92 (1984). Medrano cannot show there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Had defense counsel interviewed the child witness and obtained a statement comparable to the one captured in the undisclosed notes, defense counsel still would have been confronted with significant evidence of Medrano's guilt. Additionally, the child witness's potential testimony was subject to impeachment because she was six years old at the time of the murder; because she stated, variously, that she could both see the murder and that her view was blocked by men standing in the way; and because it is not clear whether she reported that the Mexican man or the "Black guy" stabbed the victim. In sum, there is not a reasonable probability that the outcome of the trial would have been different had the child been interviewed.

**3.** We decline to address the uncertified issues raised in Medrano's briefing, as he has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AFFIRMED.**